

**FILED**

4:56 pm, 2/12/21

**Margaret Botkins**
**Clerk of Court**

Scott P. Klosterman (#6-3081)
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY  82602
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-Mail: sklosterman@wpdn.net
Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MERIT ENERGY OPERATIONS I, LLC, | ) |
| Petitioner, | ) ) ) **Case No.** 21-CV-25-F |
| v. | ) ) |
| EASTERN SHOSHONE AND NORTHERN ARAPAHO TRIBES, | ) ) ) |
| Respondents. | ) |

### PETITION TO PARTIALLY VACATE ARBITRATION AWARD

Merit Energy Operations I, LLC ("Merit"), by and through its undersigned counsel, respectfully petitions this Court as follows:

### INTRODUCTION

1.     This is a petition to partially vacate an arbitration award issued by the American Arbitration Association ("AAA") on November 18, 2020 in *Merit Energy Operations I, LLC v. Eastern Shoshone and Northern Arapaho Tribes*, AAA Case No. 01-19-0003-2388 (the "Arbitration").  A copy of the arbitration award is attached as Exhibit A.

2.  The Arbitration involved claims related to the duration of an oil-and-gas Lease governing the Circle Ridge Field on the Wind River Reservation in Wyoming ("the Lease"). A copy of the Lease is attached as Exhibit B.

3.  Under the Lease, the Lessors—the Northern Arapaho and Eastern Shoshone Tribes (collectively, the "Tribes")—provide Merit, a successor of original-Lessee Marathon Oil Company ("Marathon"), the right to explore, drill, and mine for oil and gas.

4.  After a twenty-year Primary Term ending on January 1, 2020, the Lease grants Merit a "preferential right in Lessee to renew the lease for a successive period of ten (10) years each upon such reasonable terms and conditions as may be agreed to by the parties hereto and approved by the Secretary, unless otherwise provided by law, upon the expiration of the Primary Term." Ex. B § 5.1.

5.  Among the disputes in this matter was whether Merit had validly exercised its "preferential right in Lessee to renew the lease" before the conclusion of the Primary Term. *Id.* Because the Lease commits any dispute arising under it to arbitration, *id.* § 20.0.1(i), the parties submitted the question to arbitration.

6.  In the Arbitration, Merit sought, among other things, a declaration that it was entitled to renew the Lease at the conclusion of the Primary Term. By contrast, the Tribes sought a declaration that the Lease had terminated on January 1, 2020.

7.  After discovery, briefing, and an evidentiary hearing, the three-arbitrator Panel issued the final award (the "Arbitration Award") on November 18, 2020. *See generally* Ex. A.

8.  Although Merit disputes numerous aspects of the Arbitration Award, it seeks vacatur of only a narrow portion of the holding that altered the Lease in a manner that exceeded the arbitrators' powers and manifestly disregarded the law. Specifically, Merit seeks vacatur of

the Panel's holding that Merit's preferential right to renew applies only "vis-à-vis terms offered by *third parties*," *id.* at 14 (emphasis added)—a qualification absent from the Lease's text and unsupported by the arbitration award.

9. Section 10 of the Federal Arbitration Act ("FAA") permits a party to seek vacatur of an arbitration award in a number of circumstances, including "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4).

10. The law of the Tenth Circuit likewise permits a party to seek vacatur of an arbitration award if it is based on a "manifest disregard of the law." *See, e.g.*, *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (citation omitted).

11. Merit initiates this petition for partial vacatur of the Arbitration Award pursuant to 9 U.S.C. § 10 and the law of the Tenth Circuit.

## PARTIES

12. Merit is a Delaware limited liability company that owns assets in Wyoming, including but not limited to the Lease. Merit Energy Company, LLC ("MEC"), is an affiliated Delaware limited liability company that operates oil and gas assets, including those on the Lease, on behalf of Merit.

13. Both the Northern Arapaho and Eastern Shoshone Tribes are federally recognized Indian Tribes located on the Wind River Reservation ("the Reservation").

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as Merit seeks relief under 9 U.S.C. § 10. Circle Ridge Field is located on Indian tribal land, which is exclusively regulated by federal law. The Parties entered into the Lease pursuant to the Indian Mineral Development Act ("IMDA"), 25 U.S.C. § 2101 *et seq.*, the Federal Oil and Gas Royalty Management Act, 30 U.S.C. § 1701 *et seq.*, and other applicable federal laws and regulations,

including but not limited to 43 C.F.R. § 3160 and 30 C.F.R. § 200. Ex. B at 1, 7. The Secretary of the Interior approved the Lease pursuant to the IMDA. *See* 25 U.S.C. § 2102(a); Ex. B at 1, 36. And the Lease's own choice-of-law provision states that the Lease is governed by applicable federal law. Ex. B § 23.

15. Venue for an action to vacate an arbitration award is proper in any district under the general venue statute, and thus is proper in this Court. *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000).

## FACTS

### The Circle Ridge Lease

16. The Tribes and Marathon Oil Company ("Marathon") entered into the Lease, effective January 1, 2000. Ex. B § 1.3.

17. In 2016, Merit acquired Marathon's interest in the Lease, along with other oil and gas leases and assets in Wyoming, at substantial cost. The relevant tribal authorities approved the assignment of the Lease in October 2016.

18. The Lease grants the lessee—first Marathon, now Merit—the right to explore, drill and mine for producing oil and gas. *Id.* § 3.1. In exchange, the Tribes receive, among other benefits, a $600,000 bonus payment, annual rental payments, and royalty payments based on the value of the oil and gas produced from the leasehold. *Id.* § 6.

19. The Lease defines a 20-year Primary Term, but also vests "a preferential right in [Merit] to renew the lease for successive period of ten (10) years each upon such reasonable terms and conditions as may be agreed to by the parties hereto and approved by the Secretary, unless otherwise provided by law, upon the expiration of the Primary Term." *Id.* § 5.1.

20. The Lease further specifies that conflicts arising under it "shall be governed by the laws of the Shoshone and Northern Arapaho Tribes of the Wind River Reservation, and the laws

of the United States, now in effect, or amended or enacted hereafter, as applicable." *Id.* § 23. The Lease also states that the Tribes, as Lessors, "agree[] to abide by and conform to any and all applicable federal and tribal laws and regulations now or hereafter in force relative to this lease, including but not limited to the conservation, production, or marketing of Oil and Gas." *Id.*

21. The Lease commits any dispute between the parties arising under the Lease to arbitration. *Id.* § 20.0.1(i). The Lease provides detailed instructions for the selection of arbitrators and initiation of proceedings and incorporates the American Arbitration Association's rules for commercial arbitration. *Id.* § 20.0.1(ii)-(iii).

## Procedural History

22. Merit filed an Arbitration Demand on October 11, 2019 seeking, among other things, a declaration that Merit was entitled to renew the Lease at the conclusion of the Primary Term.

23. On October 28, 2019, the Tribes filed an Answer that denied Merit's claims in full.

24. In December 2019, the parties executed a Stipulation that stated that the Lease would remain in effect and govern the parties' conduct until 120 days following the issuance of the arbitration award. A copy of the Stipulation is attached as Exhibit C.

25. The parties each moved for judgment on the pleadings. The Panel denied all parties' motions for judgment on the pleadings on March 23, 2020. The parties subsequently engaged in document discovery, conducted depositions, and submitted pre-trial briefs. The Panel ultimately held an in-person evidentiary hearing. The parties then submitted post-trial briefing.

## The Arbitration Award

26. On November 18, 2020, the Panel held that Merit's preferential right is "not an absolute right," but rather, in the event Merit and the Tribes are unable to reach agreement on

mutually-acceptable renewal terms, "Merit's preferential right is a right of first refusal vis-à-vis any third-party proposals." Ex. A at 14-15.

27.     In interpreting Merit's preferential right to renew, the Panel recognized that the word "preferential" in Section 5.1 "must be given meaning," as "'preference holders have a superior or priority position against others for the purpose of receiving a grazing permit or lease.'" Ex. A at 14 (quoting *Stewart v. Kempthorne*, 554 F.3d 1245, 1248 (10th Cir. 2009)).  Thus, the Panel concluded that the Lease "appropriately gives the Lessee, who has made significant investment in the Leasehold, a first and/or last right to renew." *Id*.  But the Panel then explicitly limited Merit's renewal right to "vis-à-vis terms offered by *third parties*"—a qualification absent from the Lease's text. *Id*.; *see* Ex. B § 5.1.  The sole support the Panel offered for that qualification was an unexplained citation to *Allen v. Smylie*, 92 Idaho 846 (1969), a non-binding, out-of-jurisdiction Idaho Supreme Court decision.  Ex. A at 14.

28.     The Panel also concluded that the parties' Stipulation continues the Lease until 120 days after the issuance of the Arbitration Award. *Id.* at 32.

29.     The Panel found that, "in order to give meaning and value to the Lessee's preferential right," Merit must be allowed to match the terms of any third-party lease or contract-operating agreement submitted within 120 days of the issuance of the Arbitration Award. *Id*.

30.     To that end, the Panel directed the Tribes, within 90 days of the issuance of the Arbitration Award, to provide Merit a copy of any "bona fide new third-party lease or contract operator agreement they are prepared to accept." *Id*.  The Panel provided that Merit then has 30 days to elect to match those terms via its preferential right.  If Merit chooses not to match the third-party offer, the Panel stated that the Lease will expire (with the exception of the rights, duties, and obligations that continue after expiration of the Lease). *Id*.

31. The Panel's holding that Merit's preferential right to renew applies only "vis-à-vis terms offered by *third parties*," *id*. at 14 (emphasis added), is particularly consequential to this case and effectively creates an end-run around Merit's contractual right. The undisputed evidence at the arbitration hearing established that the Tribes do intend to continue leasing Circle Ridge Field. But in order to obviate Merit's preferential right to renew, the Tribes intend to lease to a tribal oil-and-gas entity, and that entity (rather than the Tribes itself) would contract with an oil-and-gas operator.

32. Because the tribal oil-and-gas entity is not a "third party" under the terms of the arbitration award, the Panel's holding would deprive Merit of its contractual preferential right to renew. The Panel's holding thus enables the tribes to end-run around Merit's preferential right by inserting language in its holding that is entirely absent from the Lease's text.

## CAUSE OF ACTION

**(Partial Vacatur of Arbitration Award Pursuant to the Federal Arbitration Act, 9 U.S.C. § 10)**

33. Merit repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

34. The FAA, 9 U.S.C. § 10, provides that a party may move to vacate an arbitration award where "the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4).

35. The Panel's ruling that Merit's preferential right to renew is limited to only "vis-à-vis any third-party proposals," Ex. A at 14-15, constitutes a violation of 9 U.S.C. § 10(a)(4) because the term "third-party" appears nowhere in the Lease's text.

36. The law of the Tenth Circuit likewise authorizes this Court to vacate an arbitration award if it is in "manifest disregard of the law." *See, e.g.*, *Sheldon*, 269 F.3d at 1206 (citation omitted).

37. The Panel's limitation of Merit's preferential right to renew to only "vis-à-vis any third-party proposals," Ex. A at 14-15, is in manifest disregard of the law, as it adds words and conditions to the Lease that do not exist, and justifies this alteration of the Lease by relying on an inapposite, nonbinding, and out-of-jurisdiction case.

38. This action is timely brought within three months from the date that the Arbitration Award was issued. *See* 9 U.S.C. § 12.

39. Accordingly, the Arbitration Award should be partially vacated.

**WHEREFORE**, Merit respectfully requests judgment as follows:

a) An order pursuant to 9 U.S.C. § 10 vacating the portion of the November 18, 2020 Arbitration Award that impermissibly limits Merit's preferential right to renew to only "vis-à-vis any third-party proposals," Ex. A at 14-15; and

c) An order awarding such other and further relief as the Court deems just and proper.

**DATE** this 12th day of February , 2021

MERIT ENERGY OPERATIONS I, LLC,
Petitioner

*/s/ Scott P. Klosterman*
Scott P. Klosterman (#6-3081)
WILLIAMS, PORTER, DAY & NEVILLE P.C.
159 N. Wolcott Street, Suite 400
P.O. Box 10700
Casper, WY  82602
Tel: (307) 995-8048
Fax: (307) 266-2306
sklosterman@wpdn.net

Daniel T. Donovan, P.C.*
Ragan Naresh, P.C.*
Erin E. Cady*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 389-5000
Fax: (202) 389-5200
daniel.donovan@kirkland.com
ragan.naresh@kirkland.com
erin.cady@kirkland.com

*pro hac vice motion forthcoming


*Attorneys for Merit Energy Operations I, LLC, Petitioner*